UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN BODENHAMER,

    Plaintiff,

    v.

Case No.: 8:25-cv-01859-SDM-NHA

BAY FOOD BROKERAGE, INC.,
CHRISTOPHER GEORGE LIND,
EOS HOSPITALITY LLC, HARRIS
TEETER, LLC, and HILTON
WORLDWIDE HOLDINGS INC.,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BAY FOOD BROKERAGE, INC.'S MOTION TO DISMISS COUNT VI OF THE AMENDED COMPLAINT WITH PREJUDICE

Plaintiff, ROBIN BODENHAMER ("Plaintiff"), by and through undersigned counsel, hereby files this Response in Opposition to Defendant BAY FOOD BROKERAGE, INC.'s ("Bay Food") Motion to Dismiss Count VI of the Amended Complaint with Prejudice, filed on October 24, 2025 at Doc. # 61, and in support thereof states as follows:

## INTRODUCTION

Bay Food asks this Court to take the extraordinary and disfavored step of dismissing Plaintiff's negligence claim with prejudice based on a reading of the Amended Complaint that is inconsistent with Rule 12(b)(6) and the governing plausibility standard. The Amended Complaint contains detailed and specific

1

factual allegations establishing that Bay Food required Plaintiff to attend the CFIC Convention (the "Convention") in the course of her employment; that Bay Food knew the Convention involved late-night networking, alcohol use, and informal client interactions that created foreseeable risks to employees; and that Bay Food failed to adopt, implement, or communicate any safety measures to protect Plaintiff during an employer-directed, overnight work event. When these allegations are accepted as true, as the Rule 12 framework unequivocally requires, they state a plausible negligence claim.

Rather than engage with the factual allegations that control at this stage, Bay Food reframes Count VI as an attempt to impose strict liability for the criminal act of a third party. That characterization cannot be reconciled with the pleadings. Plaintiff alleges that Bay Food created a foreseeable zone of risk by directing her to attend an event with known hazards, by failing to provide basic safety policies or guidance, and by disregarding the very circumstances that resulted in her harm. These allegations fit squarely within Florida negligence principles and are more than sufficient to state a claim for relief.

Bay Food's Motion depends on an alternative factual account that contradicts the Amended Complaint and cannot be credited at this stage of the proceedings. Because the Motion rests on factual disputes, selective characterizations, and premature assessments of foreseeability and causation, it cannot support dismissal, and certainly not dismissal with prejudice.

## PRELIMINARY CLARIFICATION REGARDING THE SCOPE OF BAY FOOD'S MOTION AND ITS IMPROPER ARGUMENTS

Bay Food opens its Motion with commentary that has no bearing on a Rule 12(b)(6) challenge to Count VI. Bay Food asserts that Plaintiff's employment claims "do not belong in any lawsuit with her purported tort claims" because they allegedly do not arise from the same common nucleus of operative facts and do not involve overlapping proof or witnesses. *See* Doc. # 61. Bay Food also characterizes the Amended Complaint as containing "two separate narratives" and claims that Plaintiff "attempts to get ahead of" these issues in her pleading. *Id*. Bay Food further announces that it is choosing not to respond to Counts IX through XI at this time based on its own view of judicial efficiency. *Id*.

None of these assertions presents any issue properly before the Court. Bay Food has not moved to sever under Rule 21, has not moved for dismissal based on misjoinder, and has not sought dismissal of Counts IX through XI. A defendant cannot narrow or modify its responsive pleading obligations through narrative commentary in the introduction to a motion. The only relief Bay Food actually requests is dismissal of Count VI under Rule 12(b)(6). *Id*.

The Amended Complaint, which must be accepted as true at this stage, alleges a connected sequence of events beginning with Plaintiff's employer-directed attendance at the Convention, continuing through the assault she suffered at that event, and culminating in Bay Food's failures regarding her

3

employment rights. These allegations contradict Bay Food's suggestion that the claims are unrelated and sufficiently establish the interconnected nature of Plaintiff's claims for purposes of the pleading stage.

Bay Food's attempt to shift the focus to issues it elected not to raise through a proper motion cannot alter the Rule 12(b)(6) inquiry. The only question before the Court is whether Count VI states a plausible negligence claim. It does, and Bay Food's extraneous commentary provides no basis for dismissal.

## LEGAL STANDARD

"A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues...." *The Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006). When ruling on a motion to dismiss, a trial court must accept all factual allegations as true. *Minor v. Brunetti*, 43 So. 3d 178, 179 (Fla. Dist. Ct. App. 3d Dist. 2010). The trial court must construe all reasonable inferences in favor of the pleader. *Id.* To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must allege "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. 544 at 570. Although a complaint "does not need detailed factual allegations," it must provide "more than labels, and conclusions." *Id.* ("[A] formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted).

## ARGUMENT

I. **The Amended Complaint Plausibly Alleges Each Element of Negligence Under Florida Law.**

Bay Food seeks dismissal of Count VI by asserting that it owed Plaintiff no duty, that its conduct cannot constitute breach, that the harm was unforeseeable, and that its actions were not a proximate cause of Plaintiff's injuries. Doc. # 61. Each of these arguments contradicts the allegations in the Amended Complaint and the principles governing Rule 12(b)(6). When Plaintiff's well-pleaded facts are accepted as true, Count VI states a plausible negligence claim.

**A. Duty Is Adequately Alleged.**

Bay Food argues that it owed no duty because it did not control the premises, did not employ the assailant, and characterizes the events as after-hours socializing. Doc. # 61. This misstates the duty alleged and misapplies Florida law. Florida courts recognize that a duty arises whenever a defendant's conduct foreseeably creates a broader zone of risk that poses a general threat of harm to others. As the Florida Supreme Court has held, "the duty element of negligence focuses on whether a defendant's conduct foreseeably creates a

5

broader zone of risk that poses a general threat of harm to others." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 501 (Fla. 1992).

Plaintiff alleges that Bay Food required her to attend the Convention as part of her employment; that Bay Food knew or should have known the event involved late-night networking, alcohol consumption, and unsupervised interactions with client representatives; and that Bay Food expected and benefited from her participation in those activities. These allegations, taken as true, are sufficient to establish a duty of reasonable care under Florida's zone-of-risk standard.

### B. Breach Is Plausibly Alleged.

Bay Food contends that Plaintiff failed to allege a breach because she did not identify a specific safety policy Bay Food should have implemented. Doc. # 61. That is not the standard. A plaintiff is not required to catalog particular written policies or industry protocols at the pleading stage. She must allege facts that, taken as true, permit a reasonable inference that the defendant failed to exercise reasonable care under the circumstances it created.

Plaintiff alleges that Bay Food required her to attend an overnight industry conference that Bay Food knew or should have known involved late-night networking, alcohol consumption, and unsupervised interactions with client representatives. Plaintiff further alleges that despite these foreseeable conditions, Bay Food undertook no effort to assess the risks associated with the event,

provided no guidance or expectations for navigating alcohol-centered networking, and failed to offer any training, supervision, or protective measures for an employee required to attend. These allegations describe specific omissions that, if proven, would constitute a failure to act as a reasonably prudent employer under comparable circumstances.

Bay Food's position reduces breach to the existence or absence of a formal written policy. An employer may breach its duty of care by neglecting to take basic steps to protect employees when directing them into an environment with known hazards. Whether additional measures were feasible, customary, or would have altered the outcome are factual questions reserved for discovery and cannot be resolved on a motion to dismiss.

Taken as true, the allegations support a reasonable inference that Bay Food failed to act with the care required under the circumstances it created. That is sufficient to plausibly plead breach at this stage.

### C. Foreseeability Is Adequately Alleged.

Bay Food argues that the harm was not foreseeable because Plaintiff did not allege prior similar incidents or specific knowledge of Defendant Lind's propensities. Doc. # 61. Florida law does not require such allegations. The foreseeability inquiry for duty purposes asks only whether the defendant's conduct created a general zone of risk. *McCain*, 593 So. 2d at 501.

Plaintiff alleges that Bay Food directed her to attend a multi-day industry conference that included evening networking and alcohol-centered professional interactions, and that Bay Food provided no guidance or protective measures despite the conditions it required her to navigate. These facts, taken as true, plausibly establish that Bay Food's conduct created circumstances in which the risk of harm to an employee was reasonably anticipated.

Bay Food's attempt to characterize the relevant events as purely social or unrelated to work raises a factual dispute that cannot be resolved at the pleading stage. Plaintiff alleges that these interactions were part of her job responsibilities and undertaken for Bay Food's benefit. At this stage, the Court must accept those allegations as true and may not substitute Bay Food's competing narrative.

**D. Proximate Causation Is Properly Alleged.**

Bay Food argues that Defendant Lind's criminal act breaks the causal chain. Doc. # 61. That argument cannot be resolved at the pleading stage. Proximate cause turns on whether the defendant's conduct contributed to the sequence of events that produced the harm, and whether an intervening act was foreseeable in light of the risk created by the defendant's own omissions. These inquiries are inherently factual and rarely appropriate for dismissal before any discovery has occurred.

Plaintiff alleges that Bay Food required her attendance at the Convention, that Bay Food knew or should have known the event involved late-night

8

professional interactions in an alcohol-centered environment, and that Bay Food failed to take any reasonable steps to assess or mitigate the risks associated with those conditions. Plaintiff further alleges that Bay Food provided no guidance, training, or protective measures despite directing her into that setting, and that these omissions placed her in the circumstances under which the assault occurred. Accepted as true, these allegations support a reasonable inference that Bay Food's conduct was a substantial factor in bringing about the harm.

Bay Food's position relies on its own competing factual narrative and on inferences that are not available to a defendant on a Rule 12(b)(6) motion. Whether Defendant Lind's conduct constitutes a superseding cause depends on the nature of the risk created by Bay Food's omissions, the foreseeability of harm in the environment Bay Food directed Plaintiff into, and the sequence of events leading to the assault. These are questions that require factual development and cannot be resolved on a motion to dismiss.

Because Plaintiff alleges that Bay Food's conduct contributed to the circumstances that allowed the harm to occur, and because all factual inferences must be drawn in Plaintiff's favor at this stage, the Amended Complaint adequately pleads proximate causation.

## II. Dismissal With Prejudice Is Unwarranted.

Bay Food asks the Court to dismiss Count VI with prejudice on the theory that Plaintiff has already amended once and that no further amendment could

9

cure the alleged deficiencies. Doc. # 61. That request is inconsistent with the governing amendment standard. Dismissal with prejudice is proper only when amendment would be futile, and the burden to demonstrate futility rests with the party seeking dismissal at this stage.

The Third District reaffirmed this principle in *Lam v. Univision Communications, Inc.*, where the court held that refusal to permit amendment constitutes an abuse of discretion unless "allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or the amendment would be futile." 329 So. 3d 190, 195 (Fla. Dist. Ct. App. 3d Dist. 2021).

The same reasoning applies here. Plaintiff has not abused the privilege to amend, Bay Food identifies no prejudice that would result from amendment, and nothing in the Amended Complaint or in Bay Food's Motion establishes futility. To the extent the Court were to find any technical pleading deficiency, Plaintiff could readily amend to address it. Bay Food's assertion that Plaintiff's allegations foreclose amendment reflects only a dispute with the factual inferences drawn from the pleading, not any inability to cure.

Because Plaintiff has stated a plausible claim and because amendment cannot be deemed futile on the present record, dismissal with prejudice is unwarranted. The Court should deny Bay Food's request for this extraordinary remedy.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully submits that Count VI of the Amended Complaint states a plausible negligence claim under the governing standards. Bay Food's arguments depend on factual disputes that cannot be resolved on a Rule 12(b)(6) motion and do not warrant the extraordinary remedy of dismissal with prejudice. Plaintiff therefore requests that the Court deny Bay Food's Motion to Dismiss Count VI in its entirety and permit the case to proceed to discovery.

Dated: <u>November 24, 2025.</u>

        Respectfully submitted,

        <u>/s/ Joseph F. Southron</u>
        Joseph F. Southron, Esq.
        Florida Bar No. 122109
        **SOUTHRON FIRM, P.A.**
        400 N. Ashley Drive, Suite 1720
        Tampa, Florida 33602
        Telephone: (813) 773-5105
        Fax: (813) 773-5103
        E-Mail: joe@southronfirm.com
        S/E: eservice@southronfirm.com
        *Attorney for Plaintiff Bodenhamer*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on November 24, 2025, with the Court via CM/ECF system, which will send notification of such filing to all parties and counsel of record.

/s/ Joseph F. Southron
Joseph F. Southron
Florida Bar No. 122109
*For the Firm*
