UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN BODENHAMER,

    Plaintiff,

v.

                                            CASE NO. 8:25-cv-01859-SDM-NHA

BAY FOOD BROKERAGE, INC.,

    Defendant.
_____/

## ORDER

Alleging common law negligence and other claims, Robin Bodenhamer sues[1] (Doc. 52) Bay Food Brokerage, Inc., who moves (Doc. 61) to dismiss the negligence claim. Bodenhamer responds. (Doc. 73)

### ALLEGATIONS OF THE COMPLAINT

Bodenhamer was an Account Executive of Bay Food, a food brokerage firm operating throughout the southeastern United States. (Doc. 52 at ¶¶ 24-25, 130) On July 16–17, 2023, on behalf of Bay Food, Bodenhamer attended a convention in South Carolina at the Hilton Myrtle Beach Resort. (Doc. 52 at ¶¶ 30, 138) Throughout the evening of July 16, Bodenhamer was harassed by an employee of Harris Teeter, another company participating in the convention. (Doc. 52 at ¶¶ 32–35, 141–146)

---

[1] Bodenhamer's complaint named several other defendants, all of whom have been voluntarily dismissed.

The harassment culminated later that night when the Harris Teeter employee forcefully raped Bodenhamer on Hilton premises while hotel staff failed to intervene despite unmistakable warning signs. (Doc. 52 at ¶¶ 147–174) Bodenhamer was hospitalized that night and diagnosed with a concussion and other physical injuries and was later diagnosed with post-traumatic stress disorder and traumatic brain injury. (Doc. 52 at ¶¶ 176–180)

## DISCUSSION

To state a claim for negligence, Bodenhamer must allege facts plausibly showing that Bay Food owed Bodenhamer a legal duty, that Bay Food breached the duty, and that the breach caused an injury to Bodenhamer. *Honig v. Kornfeld*, 339 F.Supp.3d 1323, 1339 (S.D. Fla. 2018). The existence of a legal duty is a question of law. *McCain c. Fla. Power Corp.*, 593 So.2d 500, 502 (Fla. 1992). Generally, no duty exists to prevent a third party's criminal conduct from causing physical harm to another, and an employer is required only to exercise such care to ensure an employee's safety from a third party as the circumstances reasonably require. *Seaboard Air Line R Co v. Gentry*, 46 So. 2d 485, 486 (Fla. 1950); *Gross v. Family Servs. Agency, Inc.*, 716 So. 2d 337, 338 (Fla. Dist. Ct. App. 1998).

Bay Food did not own, operate, or control the Hilton Myrtle Beach Resort where the assault occurred. Bay Food did not employ or supervise the perpetrator, an employee of another company. The assault occurred after hours during voluntary, unofficial social activity involving the consumption of alcoholic beverages. Bodenhamer alleges nothing to show that Bay Food created a foreseeable risk to

Bodenhamer or that Bay Food could reasonably foresee or control the perpetrator's conduct. Therefore, Bay Food had no legal duty to protect Bodenhamer from the perpetrator at the convention.

## CONCLUSION

For these reasons and those in Bay Food's motion, the motion (Doc. 61) to dismiss is GRANTED, and Count VI is DISMISSED WITH PREJUDICE.

ORDERED in Tampa, Florida, on December 3, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE