**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBIN BODENHAMER,

Plaintiff, Case No. 8:25-cv-01859-SDM-NHA

v.

BAY FOOD BROKERAGE, INC.,

Defendant.
_______________________________________/

## JOINT MOTION FOR EXTENSION

Plaintiff, Robin Bodenhamer ("Plaintiff Bodenhamer"), and Defendant, Bay Food Brokerage, Inc. ("Defendant Bay Food"), by and through undersigned counsel and pursuant to Local Rule 3.01, file this Joint Motion for Extension of the discovery and dispositive motion deadlines, and in support thereof state as follows:

1. The Court ordered the parties to conform to the deadlines proposed in the case management report. Doc. # 77, as amended by Doc. # 78, ¶ 1.

2. The current deadline to complete discovery and to file any motion to compel discovery is November 16, 2026. The current deadline to file any dispositive and Daubert motion is December 18, 2026. Doc. # 76 at 2.

3. The pretrial conference is set for April 19, 2027, and trial is set for the May 2027 trial term. Doc. # 78 ¶¶ 5, 7.

4. The parties have exchanged written discovery and document production, and Plaintiff Bodenhamer has been deposed.

5. The parties have been working to schedule certain depositions that Plaintiff Bodenhamer seeks to take and are continuing to work collaboratively on written discovery issues. Due to difficulty in coordinating schedules and the need for more time to address the written discovery issues, the parties have not been able to schedule/resolve them before the current discovery deadline.

6. The parties are scheduled to attend mediation on November 17, 2026, within the Court's November 30, 2026 mediation deadline. Doc. # 76 at 2; Doc. # 82.

7. The parties jointly request that the Court extend the deadlines as follows:

a. Deadline to complete discovery and to file any motion to compel discovery: December 31, 2026.

b. Deadline to file dispositive and Daubert motions: February 1, 2027.

8. The parties request that the dispositive and Daubert motion deadline move with the discovery deadline so that those motions are filed on a completed discovery record.

9. This is the first request by either party to extend any case management deadline in this case.

10. The extension is mutual, and it does not affect the pretrial conference, the trial term, or any other date set by the Court.

11. This request is not being made to hinder, delay, or otherwise prejudice the parties or this Court and is made with good cause.

12. Neither party will be prejudiced by the extension. Therefore, and for the reasons explained, good cause exists to grant the extension of the discovery and dispositive motion deadlines.

**MEMORANDUM OF LAW IN SUPPORT**

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Federal Rule of Civil Procedure 6(b)(1)(A), "the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). A party may establish good cause under Rule 16(b) by showing that, despite its diligence, the deadline could not be met. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Good cause exists because the parties have exchanged written discovery and document production, Plaintiff Bodenhamer has been deposed, and the remaining depositions referenced herein have not been scheduled due to difficulty in coordinating schedules and certain written discovery issues remain open due to additional time being needed between the parties. The parties made

this request before either deadline expired, and the parties agree to it. The extension is mutual, and it leaves the pretrial conference and the trial term unchanged.

WHEREFORE, Plaintiff Bodenhamer and Defendant Bay Food respectfully request that this Court enter an Order extending the deadline to complete discovery and to file any motion to compel discovery to December 31, 2026, and extending the deadline to file dispositive and Daubert motions to February 1, 2027, and for such other relief as this Court may deem just and proper.

**LOCAL RULE 3.01(g) CERTIFICATION**

The movant below hereby certifies that counsel for the parties have met and conferred in good faith by telephone and email, including on November 5, 13, and 16, 2026, and that Defendant Bay Food agrees to and joins in the relief requested in this motion.

Dated: November 16, 2026.

Respectfully submitted,

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592
Joseph F. Southron, Esq.
Florida Bar Number: 122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Phone: (813) 773-5105
Fax: (813) 773-5103
julia.weber@southronfirm.com
joe@southronfirm.com
eservice@southronfirm.com
*Attorneys for Plaintiff*

/s/ LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis, Esq.
Florida Bar No. 078265
Heather T. Daiza, Esq.
Florida Bar No. 1059734
**FISHER & PHILLIPS, LLP**
401 E. Jackson Street, Suite 3100
Tampa, Florida 33602
lkinsey-sallis@fisherphillips.com
hdaiza@fisherphillips.com
*Attorneys for Defendant Bay Food*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on November 16, 2026, with the Court via CM/ECF system, which will send notification of such filing to all parties and counsel of record.

**SOUTHRON FIRM, P.A.**

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592